MR. JUSTICE KELLEY
delivered the opinion of the Court.
*311 On May 24, 1972, appellant T.B. was adjudicated a “child in need of supervision” (CHINS), 1967 Perm. Supp., C.R.S. 1963, 22-1-3(18) in Adams County District Court. Prior to the adjudication on the merits, T.B. had filed a motion to dismiss the petition on the grounds that the above cited section was unconstitutionally vague. That motion was denied as was the motion for new trial based on the same grounds. T.B. then appealed to this court.
The record reveals that T.B. ran away from home on January 18, 1972. She was taken into custody on January 21, 1972. T.B. was placed in foster care on February 9, 1972, and returned home in early April of that year.
 On January 24, 1973, the trial court entered an order dismissing appellant’s CHINS petition. January 24 also happened to be T.B.’s eighteenth birthday, and the court thus lost all jurisdiction under the Children’s Code over T.B. However, counsel for T.B. contends that the matter in controversy is not moot. We disagree. For reasons hereinafter set forth, we dismiss the appeal as being moot.
1967 Perm. Supp., C.R.S. 1963, 22-1-9 provides that no adjudication or disposition under 1967 Perm. Supp., C.R.S. 1963, 22-1-4, shall impose any civil disability upon a child or disqualify such child for any civil service or military service position or disqualify such child from holding public office. This section also provides that no adjudication, disposition or evidence given in a proceeding under 1967 Perm. Supp., C.R.S. 1963, 22-1-4, shall be admissible in any criminal or other action except subsequent proceedings under section 22-1-4 concerning the same child.
In our view these safeguards along with the protections regarding publicity, 1967 Perm. Supp., C.R.S. 1963, 22-1-7; expungement, 1967 Perm. Supp., C.R.S. 1963, 22-1-11; and transmission of records, 1967 Perm. Supp., C.R.S. 1963, 22-2-2, render this controversy moot. The protections contained in the Children’s Code eliminate the collateral legal consequences that preserved the issues for appeal in Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).
The appeal is dismissed.